# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARSHALL BURGESS, JR.,

    *Plaintiff,*

vs.

ELISE SPELL, *et al.*

    *Defendants.*

3:12-cv-00087-ECR-WGC

ORDER

This prison civil rights action comes before the Court on plaintiff's application (#1) to proceed *in forma pauperis* and for initial review of the complaint under 28 U.S.C. § 1915A. It appears from the financial materials submitted that plaintiff is unable to pay a substantial initial partial filing fee. Moreover, while petitioner has three prior "strikes"[1] for purposes of 28 U.S.C. § 1915(g), he alleges, at least on the face of the papers, imminent danger. The pauper application therefore will be granted subject to the remaining provisions herein.

Turning to initial review, plaintiff has submitted a pauper application together with a motion requesting, in the main, that the Court secretly investigate and conduct cell searches of inmates for materials, including confidential documents, allegedly stolen by staff and turned over to the other inmates in an effort to have plaintiff murdered.

The Clerk docketed these submissions as a separate civil action from plaintiff's recent action in 3:12-cv-00085-LRH-WGC. The Clerk apparently did so because plaintiff presented

---

[1] 3:11-cv-00022 (frivolous); 3:10-cv-00628 (frivolous); 3:11-cv-00718 (failure to state a claim).

the motion in this case with a separate pauper application and with the papers captioned as against different defendants as compared to the earlier action. The present action is directed to only three defendants whereas the other action is directed to numerous additional defendants.

The Court is unable to grant the relief requested in this action. The Court adjudicates cases. It does not constitute an investigative body that independently investigates matters, much less one that physically searches prison cells. Moreover, plaintiff may not initiate a civil action with only a motion; and a plaintiff must file a civil rights action on the Court's required Section 1983 form.

Plaintiff further should understand that he may not initiate a secret lawsuit in federal court as to which the defendants are not given notice prior to a grant of relief.

Because of these substantial defects, the Court will deny the motion and dismiss the matter without prejudice. The Court will direct the Clerk to provide a copy of this order and the motion to the United States Attorney for such referral -- if any -- as his office finds appropriate to the circumstances.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED, subject to the remaining provisions herein. Even if this action is dismissed, the full $350.00 filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this order to the Finance Division of the Clerk's Office. **The Clerk shall also send a copy of this order to the attention of the Chief of Inmate**

**Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

IT FURTHER IS ORDERED that the Clerk shall file the motion submitted, that the motion is DENIED, and that this action shall be DISMISSED without prejudice for failure to state a claim upon which relief may be granted. This dismissal shall count as an additional "strike" for purposes of 28 U.S.C. § 1915(g).

IT FURTHER IS ORDERED that the Clerk shall forward a copy of the motion and this order to the United States Attorney, in a manner consistent with the Clerk's current practice for such transmittals, for such referral -- if any -- as his office finds appropriate to the circumstances. The Court notes in this regard that two prior actions by plaintiff have been dismissed as frivolous. See note 1, *supra*.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: February 15, 2012.

_____
EDWARD C. REED
United States District Judge