# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARSHALL BURGESS,

    Plaintiff,

vs.

BRIAN E. SANDOVAL, *et al.*,

    Defendants.

3:12-cv-0085-LRH-WGC

**SCREENING ORDER**

    Marshall Burgess, a prisoner at the Douglas County Jail, submitted a *pro se* Civil Rights Complaint (received February 10, 2012) (ECF No. 1-1 through 1-6) along with various motions. It also appears that another action was commenced in this court which included an application to proceed in *forma pauperis* and a motion for cell searches which was dismissed outright. *See* Burgess v. Spell, 3:12-cv-0087-ECR-WGC. It appears that the *in forma pauperis* application and motion were mistakenly separated from the instant complaint and that the documents were intended to be included in the instant action. Therefore, the Clerk will be directed to transfer the documents from that case into this case and the *in forma pauperis* application and filing fee assessed therein shall be credited toward this action.

    Petitioner has also submitted voluminous exhibits including copies of grievances and brass slips, a motion for temporary restraining order and preliminary injunction, as well as a motion to dispense with security, a motion for enlargement of prison copy work and a motion for enlargement of legal supplies. The complaint shall be screened as discussed below. Based upon the contents of the complaint, the Court concludes that the motion for temporary restraining order or preliminary

1  injunction and the motions for supplies shall be denied at this time.

2  **I.      Screening Pursuant to 28 U.S.C. § 1915A**

3         Federal courts must conduct a preliminary screening in any case in which a prisoner seeks
4  redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §
5  1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that
6  are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary
7  relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se*
8  pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696,
9  699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
10 elements: (1) that a right secured by the Constitution or laws of the United States was violated, and
11 (2) that the alleged violation was committed by a person acting under color of state law. *See West v.*
12 *Atkins*, 487 U.S. 42, 48 (1988).

13        In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation
14 Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of
15 poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief
16 may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28
17 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be
18 granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same
19 standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.
20 When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend
21 the complaint with directions as to curing its deficiencies, unless it is clear from the face of the
22 complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70
23 F.3d. 1103, 1106 (9th Cir. 1995).

24        Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*
25 *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a
26 claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim
27 that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In
28 making this determination, the court takes as true all allegations of material fact stated in the

1  complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v.*
2  *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less
3  stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9
4  (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule
5  12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels
6  and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation
7  of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286
8  (1986).

9  Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,
10 because they are no more than mere conclusions, are not entitled to the assumption of truth."
11 *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework
12 of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded
13 factual allegations, a court should assume their veracity and then determine whether they plausibly
14 give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim
15 for relief [is] a context-specific task that requires the reviewing court to draw on its judicial
16 experience and common sense." *Id*.

17 Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if
18 the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on
19 legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or
20 claims of infringement of a legal interest which clearly does not exist), as well as claims based on
21 fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S.
22 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

23 **II.   Screening of the Complaint**

24 Plaintiff's complaint runs in excess of three hundred pages, including the exhibits, naming
25 134 defendants such as the Governor, numerous prison officials and correctional officers, and private
26 individuals. Many are named for "engaging in unlawful gang activity & spreding [sic] gang violents
27 [sic] and not reporting staff misconduct." Others are identified as having interfered with his mail.
28 Plaintiff's allegations, such as can be deciphered because of the repetitive stream of consciousness

1  presentation, are that some fifteen years ago he was drugged with Visine eye drops- which knocked
2  him unconscious, was then raped, with photographs of the rape recently surfacing and being passed
3  around the prison.  He further alleges that he has been afflicted by rumors that he is a homosexual or
4  a baby raper; that his cell has been bugged by prison staff with direct connections to gangs and gang
5  members, both inside and outside the prison system, with the recordings being used to label him a
6  snitch inside prison; that he has been repeatedly attacked at the behest of and with the cooperation of
7  prison caseworkers; and that certain defendants (or plaintiff) wrote a book full of libelous (or
8  fictional) stories about plaintiff (or about people plaintiff knows) which was then used to indict and
9  imprison numerous criminals and gang members, putting plaintiff's life in danger. He alleges that
10 prison and law library staff have stolen documents from plaintiff's prison file, copies of his legal
11 mail and photos from his mail which have been circulated around the prison or posted on the internet
12 and used on the cover of the previously mentioned book.  The allegations reach back to 1997 through
13 early 2010.[1]  Plaintiff appears to claim that he only became aware of the alleged drugging and rape in
14 March of 2010, because of the photos, which, it appears, he has not actually seen, and that his
15 attempts to have the events confirmed and the attacks terminated have resulted in an escalation of the
16 threats and harm.  The plaintiff's claims are quite fantastical and while, if believed, raise some
17 concern for plaintiff's safety in 1997 and 2010, are so broad reaching and the alleged acts so
18 nefarious on the part of staff as to stretch the imagination.  Moreover, the exhibits plaintiff attaches
19 to support his claims are all grievances or medical care requests written by him.  Thus, they do not
20 provide independent support for his claims.  Moreover, most of the grievances were rejected as
21 unsupported after investigation, duplicative, or false.

22    Apart from the fantastical claims presented, plaintiff's complaint is not viable as to most, if
23 not all of his claims, because the events occurred more than two years ago, after the expiration of the
24 statute of limitations imposed for claims under 28 U.S.C. § 1983.  *See*  NRS 11.190(4)(e); *Perez v.*
25 *Seevers*, 869 F.2d 425, 426 (9th Cir.), *cert. denied*, 493 U.S. 860 (1989).

---

[1] Plaintiff's allegations, which include twenty five claims and runs approximately 400 pages, including exhibits, are internally inconsistent and evidence a high level of paranoia or narcissistic thought on the part of plaintiff. His claims are repeated many times and many are based on "information and belief".

4

The complaint will be dismissed without prejudice. Plaintiff will be permitted to amend his complaint to include only those allegations or claims arising within two years of the date that he opened this action. Any claims arising before that time will be dismissed with prejudice. Using the approved form, plaintiff should state his claims in a concise and clear manner without repetition or reliance on information and belief – to the extent that it is possible to do so. He should present similar claims together, rather than offering the court a mixed bag of claims. For example, if he alleges that certain defendants violated his First Amendment rights by interfering with his legal mail, he should present a separate claim which clearly identifies the individuals involved, the dates the events occurred and the facts supporting the claim. A diary of daily occurrences, such as is provided in the instant complaint, is not appropriate. A concise summary of events is sufficient. Fantastical claims or broad generalizations will not be allowed to proceed. Repeating the same allegations over and over is unacceptable.

Only if plaintiff states a colorable claim of a civil rights violation will the Court exercise its supplemental jurisdiction to entertain any state law claims such as allegations of libel or slander. Citation to state laws or statutes are unnecessary and should not be included in the amended complaint. Additionally, plaintiff is advised that individual citizens who are not employed by the government or contracted directly with the government to provide services at the prisons, may not be included as defendants on claims of civil rights violations. Only those persons "acting under color of law" are liable under 28 U.S.C. § 1983. Finally, plaintiff's "exhibits" will be returned to him and none should be attached to the amended complaint. Rather, they should be retained for use in proving the allegations either in a motion for summary judgment or at trial, as may be appropriate. *See* Fed. R. Civ. P. 56.

**III.     Motions for Temporary Restraining Order and Preliminary Injunction**

A preliminary injunction is an extraordinary remedy, and the right to relief must be both clear and unequivocal before a court will grant an injunction. *See Schrier v. University of CO*, 427 F.3d 1253, 1258 (10th Cir. 2005). A request for injunctive relief that goes beyond simply maintaining the status quo, "is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir.

1979), *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).  A preliminary injunction will only be granted if the requesting party demonstrates either: 1) a combination of probable success on the merits and the possibility of irreparable harm; or 2) the existence of serious questions going to the merits and the balance of hardships tips sharply in favor of the requesting party.  *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006); *Sony Computer Entertainment Am., Inc. v. Bleem, LLC*, 214 F.3d 1022, 1025 (9th Cir. 2000).  The two formulations represent a sliding scale where the degree of irreparable harm required increases as the probability of success decreases.  Id.

Furthermore, the Prisoner Litigation Reform Act of 1995 (PLRA) also limits the court's power to grant preliminary injunctions in actions involving prison conditions.  See 18 U.S.C. § 3626; *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998).  Under the requirements of the PLRA, a court may grant a preliminary injunction, but the order must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm.  18 U.S.C. § 3626(a).  In addition, the court must give substantial weight to any adverse impact on public safety or the operation of a criminal justice system that would be caused by the injunction.  *Id.*

In light of the Court's determination that the complaint must be dismissed without prejudice and considering the lack of specificity as to what happened when and why or where, the Court finds that plaintiff has not made a showing of a likelihood of success on the merits of his claims or imminent and irreparable harm.  No response will be required from defendants and the motion for preliminary injunction shall be denied.

The remaining motions shall also be denied.  Once an amended complaint is submitted and survives screening, plaintiff may renew the motions if necessary.

**IT IS THEREFORE ORDERED** that the Clerk shall transfer the application to proceed in *forma pauperis* from case number 3:12-cv-0087-ECR-WGC and file it herein, which application shall be **granted.**   The order directing the payment of fees in that case shall be made applicable to this case and no additional fee will be required of plaintiff.  A copy of this Order shall be filed in that case.

**IT IS FURTHER ORDERED** that the Clerk shall detach and file the motions and the

complaint found at ECF No. 1.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff shall have thirty days to file an amended complaint on the proper form with attention to the directives contained in the body of this Order. The Clerk shall send to plaintiff a form and instructions for filing a civil rights complaint. The Clerk shall also return the original exhibits attached to his complaint herein.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED WITHOUT PREJUDICE.**

Dated this 1st day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE